# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

BRAYAN DANIEL MORONTA CARRASQUERA,

    Petitioner,

 v.

WARDEN, Imperial Regional Detention Facility, et al.,

    Respondents.

No. 3:26-cv-01492-BTM-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Brayan Daniel Moronta Carrasquera's petition for a writ of habeas corpus.  Petitioner entered the United States on May 13, 2024, and lived here without incident.  On February 11, 2026, Petitioner was driving to California when he was pulled over and detained by immigration authorities.  Petitioner has since been in custody.

Petitioner submitted a declaration with his traverse and declares that he was paroled into the United States and that the Government unlawfully revoked his parole without any process.  The Court ordered the Government to "file a response stating whether it disputes any of the facts in the traverse and whether it opposes Petitioner's immediate release for failing to revoke Petitioner's parole in accordance with due process."  The Government's response to the traverse does not dispute any facts in the traverse nor does it claim that Petitioner was detained in accordance with due process. The Court accepts as undisputed the facts set forth in the traverse.

This Court has jurisdiction to review Petitioner's challenge to his detention. *Nielsen v. Preap*, 586 U.S. 392, 401-02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings).  This Court has jurisdiction because Petitioner is not challenging his removal, the execution of a removal order, or a discretionary decision by the Attorney General. *See id.*; *see also Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

The Court agrees that when the Government releases a noncitizen, the noncitizen obtains a liberty interest in remaining released from custody.  *See Pinchi v. Noem*, No. 25-cv-05632-PCP, 2025 U.S. Dist. LEXIS 142213, *8 (N.D. Cal. July 24, 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty

interest in remaining out of custody."); *see id.* (collecting cases so holding).  This liberty interest, the Court rules, may not be infringed arbitrarily.

Due process for the revocation of release requires (1) a decision by an appropriate official on whether the purpose of release has been served; (2) written notice of the reasons for the revocation; and (3) a fair opportunity to rebut the reasons given for the revocation.  *See Noori v. LaRose*, No. 25-cv-1824, 2025 U.S. Dist. LEXIS 194953, *29 (S.D. Cal. Oct. 1, 2025) ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)). Respondents failed to comply with these due process requirements.

The Court thus grants the petition for a writ of habeas corpus.  Respondents are ordered to immediately release Petitioner from custody under the previous conditions imposed.  The parties must provide a status report no later than April 3, 2026.

**IT IS SO ORDERED.**

Dated:  April 2, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

3